(9 App. Div. 419.)

## MILLARD v. STEERS.

(Supreme Court, Appellate Division, First Department. October 23, 1896.)

1. STATUTE OF FRAUDS—PROMISE TO ANSWER FOR DEBT OF ANOTHER.
    A verbal statement by defendant that he was willing to help financially, to a specified extent, his brother, who was negotiating a compromise with his creditors, in reliance on which the creditors signed a compromise agreement, is a promise to answer for another's debt.

2. SAME—INDEPENDENT CONTRACT.
    The mere fact that a corporation, of which defendant was an officer.
    and to which defendant's brother was indebted, obtained payment after
    the compromise, is not such a benefit to defendant as to make his promise
    an independent contract.

Appeal from special term, New York county.

Action by William B. Millard against Edward P. Steers for a specific performance. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Chas. T. Terry, for appellant.

Thomas Allison, for respondent.

RUMSEY, J.  Abraham Steers, the brother of Edward P. Steers, found himself unable to pay his debts, and called a meeting of his creditors for the purpose of negotiating a compromise with them. At that meeting a large number, but not all, of the creditors made their appearance, and a compromise was proposed by Abraham Steers, and accepted by those of the creditors who were present, and afterwards by others of the creditors, but never by all of them.  Before that meeting, Edward P. Steers, who was not present at it, had stated that he was willing to assist his brother to a certain extent, and at the time of the meeting it was announced that, if the compromise was arranged, Edward P. Steers would assist his brother in an amount not exceeding $100,000, as his necessities might require it.  It is fair to infer from the evidence that those of the creditors who signed the compromise agreement did so relying upon this promise of Edward Steers.  This action is brought by some of the creditors, in behalf of all the persons interested, to enforce a specific performance on the part of Edward P. Steers of this agreement.  At the special term the complaint was dismissed, and from the judgment entered upon that decision  this appeal is taken.

Passing the point that the fair construction of this contract is to pay a certain sum of money, and therefore it could only be enforced, if valid, by an action at law, it is quite clear that the contract under the proof was not valid, and the plaintiffs had no standing in court to maintain an action on it in any form.  The contract was made for the benefit of the creditors of Abraham Steers, and was to assist him in paying the money agreed to be paid by the compromise according to his necessities, in a sum not exceeding $100,000. The liability of Abraham Steers constituted the primary debt, and this promise of Edward Steers was clearly a promise to answer for that debt.  It was, therefore, within that provision of the statute of frauds that all contracts to answer for the debt, default, or miscarriage of another are void unless in writing, and signed by the party sought to be charged.  No action could be maintained upon it, therefore, unless it is brought within one of the exceptions which have been ingrafted upon that statute by the decisions of the courts. The appellant claims that he is within the principle that such a contract, when made for a new consideration of benefit to the prom-

isor, is valid, although not in writing, even if the primary debt remains subsisting. White v. Rintouf, 108 N. Y. 222, 15 N. E. 318; M. T. Merserau Co. v. Washburn, 6 App. Div. 404, 39 N. Y. Supp. 664. But the difficulty with this case is that there was no new consideration of benefit passing to the promisor. There is no claim that Edward P. Steers had any interest whatever in the estate of his brother, or received any benefit from the making of the compromise agreement, or because his brother was released from the immediate payment of a portion of his debts. Indeed, no claim of that kind is made, but it is said that Edward Steers was an officer of a certain bank, which was a large creditor of Abraham Steers, and that, after the making of the compromise agreement, the debt from Abraham Steers to that bank was paid. There is no proof that this debt was paid either as a condition of or because of the making of the compromise agreement; and, if it were the fact that a corporation in which Edward Steers was interested was able to obtain payment of its debt because of the compromise agreement which was made in reliance upon Edward Steers' promise, it does not furnish a consideration of benefit to Edward Steers in the legal sense which would charge him upon a parol contract otherwise void. Legally speaking, Edward Steers had no interest in the payment of the debt to this bank, and it could not be of any benefit to him whatever; and therefore, even if it be a fact that it was a benefit to the bank to have this compromise agreement made, it does not raise an inference that some other person received such a benefit as would afford a consideration for his promise, in the absence of proof that the promisor insisted upon the benefit to the bank as a consideration for his agreement.

For these reasons, without considering any other points made upon the argument, this judgment must be affirmed, with costs. All concur.

(9 App. Div. 492.)

### In re COMINS' ESTATE.

(Supreme Court, Appellate Division, First Department. October 23, 1896.)

EXECUTORS AND ADMINISTRATORS—INVENTORY—DISCRETION OF SURROGATE.
  Code Civ. Proc. § 2514, subd. 11, providing that, where a person interested in an estate applies for an inventory, an allegation of his interest, duly verified, suffices, though his interest is disputed, does not make the granting of such petition compulsory merely because it is verified, but the surrogate may first pass on the question of petitioner's interest.

Appeal from surrogate's court, New York county.

Proceeding by Ella V. Ward to compel Julia Comins, as administratrix of James M. Comins, deceased, to file an inventory of decedent's estate. From an order granting the application, the administratrix appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

C. A. Runk, for appellant.
George C. De Lacy, for respondent.